### H. C. COOK CO. v. BOETTINGER.

(Circuit Court of Appeals, Second Circuit. December 15, 1908.)

No. 139.

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—NAIL CLIPPER.

The Wenger patent, No. 569,903, for a finger nail clipper, *held* not anticipated, valid, and infringed, on motion for a preliminary injunction.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*]

Appeal from the Circuit Court of the United States for the Southern District of New York.

Clifton V. Edwards and Julian S. Wooster, for appellant.
James C. Chapin, for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

WARD, Circuit Judge. In H. C. Cook Co. v. Little River Manufacturing Co., 145 Fed. 348, 76 C. C. A. 222, this court sustained the validity of complainant's patent, dated October 20, 1896, for a finger nail clipper, constituted of a rigid and a spring member, on the ground that the short end of the lever, C, pivoted on the rigid member, A, and extending through a perforation in the spring member, B, imparted the rigidity of the rigid member to the latter.

Fig 1

A nail clipper called the "Apt," in which the short end of the lever, 23, pivoted on the rigid member, 24, engaged a bail or staple, 25, on the inner surface of the spring member, 21, and so pulling instead of entering through a perforation and raising it, was held an infringement because functionally identical.

Fig. 3

The clipper called the "New Apt," which has been enjoined in this case has a lever, 17, which bears loosely upon a pin, 19, in the rigid member, 18, as a fulcrum; its end being fastened by a pin, 20, to a stud, 15, attached to the inner side of the spring member.

We discover no difference functionally between the "New Apt," the original "Apt," and the complainant's cutter. But there have been offered in evidence letters patent No. 324,001, dated August 11, 1886,

to William A. Bernard, for a tool involving, among other things, a nail clipper which was not before the court in the Little River Case and is claimed to make a great difference. Fig. 4 of this patent is as follows:

It will be noticed that the rigidity of the rigid member, C, is not imparted to the spring member, B, because the fulcrum of the lever, F, bears upon the spring member. In this respect, which was the ground on which the complainant's patent was sustained in the Little River Case, the Bernard clipper differs from the complainant's, as well as from the "Apt" and the "New Apt."

Order granting preliminary injunction affirmed.